**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **AGUSTIN TOSCANO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Case No. 1:14-CV-3562** |
| **JOSEPH OLSON;** | ) |
| **FAY FLEMISTER;** | ) |
| **NORLANDER YOUNG;** | ) **Honorable Charles P. Kocoras** |
| **PEDRO CASTILLO;** | ) |
| **TERRANCE BAKER, MD;** | ) |
| **NEWWORLD EBOIGBE, RN;** | ) |
| **CHIDINMA ONYEACHONAM, RN;** | ) |
| **JACQUELINE HARRIS;** | ) |
| **LINDA STARCEVITCH;** | ) |
| **RITA RETHERFORD;** | ) |
| **PHYLLIS HOPE,** | ) |
| **Defendants.** | ) |
| | ) |

## SECOND AMENDED COMPLAINT

Plaintiff Agustin Toscano ("Mr. Toscano") brings this action for damages against Mercer County Jail employees Chief Joseph Olson ("Chief Olson"), Officer Linda Starcevitch ("Officer Starcevitch"), and Officer Rita Retherford ("Officer Retherford"), and Cook County Jail employees Sergeant Fay Flemister ("Sergeant Flemister"), Sergeant Norlander Young ("Sergeant Young"), Officer Pedro Castillo ("Officer Castillo"), Doctor Terrance Baker ("Doctor Baker"), Nurse Newworld Eboigbe ("Nurse Eboigbe"), Nurse Chidinma Onyeachonam ("Nurse Onyeachonam"), Officer Phyllis Hope ("Officer Hope"), and Officer Jacqueline Harris ("Officer Harris") (collectively "Defendants") under 42 U.S.C. § 1983, and the Fourteenth Amendment and Eighth Amendment to the United States Constitution, and complaining and alleging as follows:

**NATURE OF THE CASE**

1.      This is a civil action pursuant to 42 U.S.C. § 1983 and arises out of Defendants'
deliberate indifference to Mr. Toscano's serious medical needs during Mr. Toscano's time in
Mercer County Jail and Cook County Jail on or after June 23, 2013.  At all relevant times,
Defendants knew that Mr. Toscano needed medical attention due to the injuries he sustained to
his fingers while in Mercer County Jail.  Even though Mr. Toscano showed his visibly twisted
and swollen fingers to Defendants and made repeated, explicit requests for medical attention,
Defendants showed deliberate indifference to Mr. Toscano's serious medical needs. Defendants
denied Mr. Toscano medical attention until it was far too late for him to receive proper treatment.
As a direct consequence of Defendants' deliberate indifference, one of Mr. Toscano's injured
fingers healed improperly and he will suffer from arthritis for the rest of his life.  Mr. Toscano
suffered serious harm, injury, and physical pain, for which he seeks compensatory damages and
punitive damages, along with reasonable attorney's fees, costs, and such other relief as this Court
deems just and proper.

**JURISDICTION AND VENUE**

2.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment,
and the Eighth Amendment to the United States Constitution.

3.      This Court has subject matter jurisdiction over the claim presented herein
pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

4.      Under 28 U.S.C. § 1391, venue is appropriate in this judicial district because one
of the defendants likely resides in this district, all defendants likely reside in Illinois, and a
substantial part of the events giving rise to this action occurred in Cook County, IL, which is
within the jurisdiction of the Northern District of Illinois.

5.      This Court has *in personam* jurisdiction over Defendants because, *inter alia*, each caused harm by an act or omission in the State of Illinois.

6.      Mr. Toscano exhausted the administrative remedy process that was made available to him.

## PLAINTIFF

7.      Mr. Toscano was at all relevant times an inmate at Mercer County Jail in Aledo, IL and Cook County Jail in Chicago, IL.

## DEFENDANTS

8.      Defendant Chief Olson was at all relevant times Chief of Corrections at the Mercer County Jail in Aledo, IL.  Mr. Toscano sues Defendant Chief Olson in his individual capacity.

9.      Defendant Officer Starcevitch was at all relevant times a corrections officer at the Mercer County Jail in Aledo, IL.  Mr. Toscano sues Officer Starcevitch in her individual capacity.

10.     Defendant Officer Retherford was at all relevant times a corrections officer at the Mercer County Jail in Aledo, IL.  Mr. Toscano sues Officer Retherford in her individual capacity.

11.     Defendant Sergeant Flemister was at all relevant times a corrections officer at the Cook County Jail in Chicago, IL.  On information and belief, Sergeant Flemister worked during the 3:00pm-11:00pm shift during all relevant times.  Mr. Toscano sues Sergeant Flemister in his individual capacity.

12.     Defendant Sergeant Young was at all relevant times a corrections officer at the Cook County Jail in Chicago, IL.  On information and belief, Sergeant Young worked during the

- 3 -

7:00am-3:00pm shift during all relevant times.  Mr. Toscano sues Sergeant Young in his individual capacity.

13.    Defendant Officer Castillo was at all relevant times a corrections officer at the Cook County Jail in Chicago, IL.  On information and belief, Officer Castillo worked during the 7:00am-3:00pm shift during all relevant times.  Mr. Toscano sues Officer Castillo in his individual capacity.

14.    Defendant Doctor Baker was at all relevant times a medical professional in the Cermak Health Services facilities at the Cook County Jail in Chicago, IL.  Mr. Toscano sues Doctor Baker in his individual capacity.

15.    Defendant Nurse Eboigbe was at all relevant times a medical professional in the Cermak Health Services facilities at the Cook County Jail in Chicago, IL.  Mr. Toscano sues Nurse Eboigbe in his individual capacity.

16.    Defendant Nurse Onyeachonam was at all relevant times a medical professional in the Cermak Health Services facilities at the Cook County Jail in Chicago, IL.  Mr. Toscano sues Nurse Eboigbe in her individual capacity.

17.    Defendant Officer Hope was at all relevant times a corrections officer at the Cook County Jail in Chicago, IL.  On information and belief, Officer Hope worked during the 7:00am-3:00pm shift during all relevant times.  Mr. Toscano sues Officer Hope in her individual capacity.

18.    Defendant Officer Harris was at all relevant times a corrections officer at the Cook County Jail in Chicago, IL.  On information and belief, Officer Harris worked during the 7:00am-3:00pm shift during all relevant times.  Mr. Toscano sues Defendant Officer Harris in her individual capacity.

- 4 -

## **BASIS FOR ACTION**

19.     Mr. Toscano incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

20.     On June 9, 2013, Mr. Toscano was taken by bus from the Cook County Department of Corrections to the Mercer County Jail.

21.     On or about June 23, 2013, a large scale fight ensued between numerous inmates in the Mercer County Jail. During the incident, a group of inmates brutally attacked Mr. Toscano's acquaintance, Sonny. While attempting to protect Sonny from this assault, Mr. Toscano was forced to block several inmates' punches using only his open hands.

22.     Mr. Toscano suffered multiple injuries to his hands following the group of inmates' assault.  Mr. Toscano could not move his right middle finger, which was visibly twisted to the side, swollen, and red.  Likewise, Mr. Toscano's left pinky finger was injured and he could not move it.  Mr. Toscano's left pinky finger was also visibly swollen and red.

23.     Following the incident, corrections officers walked by Mr. Toscano's cell on rounds roughly every 20-30 minutes.  Mr. Toscano immediately showed his visibly twisted finger and swollen hands to Officer Retherford, one of the corrections officers, and informed Officer Retherford that he needed medical attention. Officer Retherford did not offer any medical assistance.

24.     Mr. Toscano continued to show his visibly twisted finger and swollen hands to Officer Starcevitch and Officer Retherford on multiple occasions, each time requesting medical attention.  Mr. Toscano's request for medical attention was ignored and he was told, "You'll be headed back to Cook County soon and you can see someone there."  Mr. Toscano continued to request medical attention at roughly 20-30 minute intervals for the rest of the evening, but

- 5 -

received none. Officer Starcevitch and Officer Retherford told Mr. Toscano they would speak

with the Chief of Corrections, Chief Olson, about Mr. Toscano's requests. After Mr. Toscano

continued requesting medical attention, Officer Retherford finally said, "Chief Olson will deal

with this in the morning." Officer Retherford never offered any medical assistance.

25.     On or about the morning of June 24, 2013, Mr. Toscano showed Chief Olson his

visibly twisted finger and swollen hands and requested urgent medical assistance. Chief Olson

responded, "Look what we've got going on here [the aftermath of the fight]; I can't deal with this

right now." Chief Olson ignored Mr. Toscano's request for medical attention.

26.     Mr. Toscano continued to request medical attention for the rest of his time at

Mercer County Jail, but received none. Specifically, Chief Olson, Officer Starcevitch, and

Officer Retherford each ignored and acted indifferently towards Mr. Toscano's requests.

Additionally, Mr. Toscano was never informed that Mercer County Jail had a grievance process.

To the extent a grievance process did exist, the Mercer County Jail's grievance process was not

transparent to, known to, or made available to Mr. Toscano. Furthermore, Mr. Toscano only

remained in the Mercer County Jail for a short time after he was injured, and thus he was not

afforded adequate time to actively seek out a grievance process.

27.     On or around the evening of July 13, 2013, Mr. Toscano was transferred to

Division 1 of the Cook County Jail. Upon arrival, Mr. Toscano asked for medical assistance and

showed a counselor his mangled fingers. The counselor did not offer any assistance. Mr.

Toscano then asked for a grievance form. The counselor refused to give Mr. Toscano a

grievance form. Mr. Toscano learned that Division 1 was not distributing inmate grievance

forms because the facility had lost its hot water and the officers were tired of receiving

complaints regarding the cold water.

- 6 -

28.      Mr. Toscano continued to seek medical attention in the Cook County Jail throughout all of July 2013, other than a few days during which he was sent to the Kankakee County Jail.  While in the Cook County Jail, Mr. Toscano made repeated requests for medical attention to Officer Hope, Sergeant Flemister, Sergeant Young, Officer Castillo, and Officer Harris, but no one addressed his requests and all were deliberately indifferent to his serious medical needs despite being shown his visibly twisted finger and swollen hands.

29.      Mr. Toscano was finally allowed to enter the Cook County Jail's medical office when Officer Castillo relented and let Mr. Toscano meet with medical professional Doctor Baker, even though Mr. Toscano had not been allowed to make a formal appointment for his finger. Doctor Baker was one of two doctors at this facility.  Doctor Baker performed a basic examination of Mr. Toscano's right middle finger.  Doctor Baker described Mr. Toscano's middle finger on his right hand as "bad." He recommended that Mr. Toscano receive an x-ray and take pain killers, but the doctor's only other medical care was to advise Mr. Toscano to bend the injured finger.

30.      Mr. Toscano's injuries persisted, and a medical professional performed an X-Ray at Cermak Health Services of Cook County. A doctor who worked with Doctor Baker told Mr. Toscano that the X-Ray revealed his right middle finger was fractured. The doctor said, "This should have been looked at earlier; it would have healed better."

31.      Mr. Toscano was finally given the opportunity to participate in the grievance process when he was transferred to Division 9 of the Cook County Jail. Mr. Toscano filed his formal grievance on April 19, 2014.

32.      In the months that followed, Mr. Toscano repeatedly asked for additional examination of his injured right middle finger and left pinky finger.

33.     On October 17, 2013, Mr. Toscano visited Nurse Onyeachonam to discuss the pain in his finger.  Nurse Onyeachonam noted that he suffered an alteration in his musculoskeletal integrity, noted that his finger was swollen, knew that it was fractured, and told Mr. Toscano that "nothing much can be done about it."

34.     On April 29, 2014, Mr. Toscano specifically asked Nurse Eboigbe to send him out for an X-Ray of his left pinky finger.  Nurse Eboigbe refused, instead telling Mr. Toscano to keep bending the finger and taking Tylenol.

35.     Mr. Toscano filed multiple requests to have his left pinky X-Rayed.  These requests were ignored or handled with unreasonable delay.

36.     On June 16, 2014, Mr. Toscano was taken to John H. Stroger, Jr. Hospital of Cook County and underwent X-Rays of both his left and right hands. The radiology technician informed Mr. Toscano that his right middle finger was no longer fractured, but he will forever endure arthritis in his right middle finger.  Mr. Toscano's left pinky finger was shown to be injured.

37.     Mr. Toscano's daily activities continue to be affected by the arthritis in his right middle finger that was caused by Defendants' denial of medical attention. Mr. Toscano's right middle finger becomes dislocated when he engages in certain physical activities, which often requires him to immediately cease the activities due to the pain in his hand. This injury will also have a significant impact on Mr. Toscano's future earning potential, as Mr. Toscano has previously worked in landscaping and construction and plans to rejoin that profession when he is released from custody.

## COUNT I

### EIGHTH AMENDMENT: DENIAL OF ADEQUATE MEDICAL CARE

38.     Mr. Toscano incorporates by reference as if fully set forth herein the allegations and facts contained in the preceding paragraphs of this Complaint.

39.     Through the conduct described above, Defendants, acting under color of state law, deprived Mr. Toscano of his constitutional right to be free from cruel and unusual punishment.

40.     Mr. Toscano had a serious medical need because his right middle finger and left pinky finger: (1) were so visibly swollen that a reasonable doctor, patient, or lay person would perceive the medical need as worthy of treatment; (2) affected his daily activities, since he was unable to use his hands well or without debilitating pain; and (3) caused him chronic and substantial pain.

41.     Defendants Chief Olson, Officer Starcevitch, Officer Retherford, Sergeant Flemister, Sergeant Young, Officer Castillo, Doctor Baker, Nurse Eboigbe, Nurse Onyeachonam, Officer Hope, and Officer Harris were deliberately indifferent to that serious medical need because they had knowledge of Mr. Toscano's injuries after they observed his visibly twisted finger and swollen hands, heard his complaints about the injuries, and received his explicit requests for medical attention. Defendants nevertheless unjustifiably denied Mr. Toscano the medical attention and proper treatment he rightfully deserved.

42.     Defendant Chief Olson was deliberately indifferent to Mr. Toscano's serious medical needs by refusing to provide him medical attention after Mr. Toscano showed Defendant Chief Olson his visibly twisted finger and swollen hands and requested medical attention.

43.     The Defendants' deliberate indifference proximately caused harm to Mr. Toscano because he suffers continuing pain from his injuries, is unable to perform his daily activities, and

- 9 -

developed arthritis.

44. Therefore, Mr. Toscano is entitled to relief pursuant to 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE,** Mr. Toscano prays as follows:

45. That Defendants' actions be adjudged to have violated Mr. Toscano's constitutional right to be free from cruel and unusual punishment;

46. That judgment be entered for Mr. Toscano against Defendants for nominal, compensatory, and punitive damages, together with the costs of this litigation, including reasonable attorneys' fees, and any other relief that the case may require and that the Court may deem just and proper.


Dated: October 23, 2015            Respectfully Submitted:

                                   /s/   Erik Snapp
                                   Erik Snapp
                                   Christopher Burrichter
                                   Dechert LLP
                                   77 West Wacker Drive
                                   Suite 3200
                                   Chicago, IL 60601
                                   Main (312) 646-5800
                                   Fax (312) 646-5858

                                   *Attorneys for Plaintiff*
                                   *Agustin Toscano*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2015, the foregoing was filed via the Court's

CM/ECF system, which will automatically serve and send notification of such filing to all

registered attorneys of record. I also directed a true and correct copy of the foregoing to be

served upon counsel listed below via U.S. mail:

Matthew Kaminski
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602

Bhairav Radia
O'Halloran Kosoff Geitner & Cook, LLC
Edens Corporate Center
650 Dundee Road, Fourth Floor
Northbrook, IL 60062

/s/  Christopher Burrichter
Christopher Burrichter

Dated: October 23, 2015